Case number 19-2331 and 19-2340 James Radke v. Monroe County, MI et al. Oral argument is not to exceed 15 minutes per side. Mr. Bajorek for the appellant cross-appellate. You may begin, thank you. Wait, I'm sorry, did you reserve rebuttal time?  Thank you. Thank you. May I proceed? Yes, please. Thank you, Your Honor. Good afternoon to the entire panel and to Ms. Stepanski. I'm David Bajorek, counsel for the appellant slash appellees. In this matter, I want to provide a very brief and succinct background as it relates to how we got to this point. Mr. Radke was charged in a Monroe County District Court with an operating while intoxicated offense. He ended up pleading guilty to that offense and was sentenced. During the discovery stage of that proceeding, it was learned that the magistrate of the district court who issued a search warrant for the withdrawal of blood and forensic examination of the blood was not properly appointed as a district court magistrate. It was a citizen, essentially, acting under color and authority of state law as a judicial magistrate who was not properly appointed. Further discovery revealed that five other individuals were similarly situated within the court wearing black robes, citizens who were not properly appointed as magistrates, acting under color and authority of state law, issuing search warrants, arrest warrants, and making bad decisions on crucial constitutional issues involving individuals appearing before them. Counsel? Yes. When did Mr. Radke discover the facts that this magistrate was not properly appointed in his view? It was during the discovery stage in the criminal proceeding, Your Honor. So was this before the motion to suppress was filed? Yes, it was. And why didn't Mr. Radke challenge the magistrate's appointment as part of the motion to suppress? Because in consideration of the filing of that motion, quite frankly, Your Honor, the prosecution offered him a very favorable plea agreement in lieu of a ruling upon that motion. And out of concern for a lengthy period of incarceration, Mr. Radke chose to accept the plea offer. And as a result, there was never a judicial ruling in the criminal court on that motion. Did Mr. Radke have to accept as part of the plea the validity of the search warrant? No, Your Honor. Was that addressed at all as part of the plea? I'm sorry, Your Honor? Was the validity of the search warrant addressed at all as part of the plea deal? No, Your Honor. And was it addressed in the sentencing at any point? No, Your Honor. Counsel, as long as there's a pause, Judge Bush, were you finished? I have more questions, but that's all I have for now. OK. So much of this case depends upon whether, well, the entire case depends upon whether under Michigan law, the magistrate was duly appointed or had authority to act. Why shouldn't we certify the question to the Michigan court? I'm sorry, repeat that question, please, Judge. I'm asking why we shouldn't certify the question to the Michigan Supreme Court, because the whole case rests on whether the magistrate's actions were lawful under Michigan law. I understand the question, Your Honor. I'll be happy to answer that. Quite frankly, the issue of the appointment of this magistrate on a very identical factual circumstance had already worked its way through the court system, including, Your Honor, the federal district court in the Eastern District of Michigan approximately 18 years ago. The federal district court in Detroit ruled on a matter arising out of the Iosco County in the state of Michigan, in which Iosco County judge purportedly appointed a magistrate to the court. The magistrate was not properly approved for that appointment by the county board of commissioners. Exact same factual situation as we have here, Your Honor. That case went to the federal district court in Detroit, and it was in 2002. Let me see here. It is U.S. v. Neering at 194 Fedsup 2nd, 620. And in that case, the court ruled, the federal district court ruled that because the magistrate was not properly appointed, that he did not have authority to issue a search warrant in an underlying criminal case. And the court specifically said, Your Honor, that the Judicature Act of the state of Michigan that provides for the statutory mandated process for appointment of magistrates is a twofold process. That is that the court may appoint a magistrate, but the magistrate must be properly approved by the county board of commissioners. The mere fact that the county board of commissioners appropriated funding for the position does not itself ratify or approve that appointment. They must specifically approve each individual magistrate appointment. And in this particular case, the opposing party, and it is the case here, and in fact, the trial court in federal trial court said that the fact that the county board of commissioners appropriated funded for the position somehow constitutes appropriate approval for that appointment. When that is clearly contrary to the ruling of the federal district court in Neering. Right, but that was a district court. The federal district court. Yes. Yes. That doesn't answer Judge White's question of why we shouldn't certify this to the state Supreme Court, does it? I mean, it's always been the case that the final authority on what a state law or state constitution means is in the hands of the state, not in the hands of a federal district court. Well, that may very well be true, Your Honor, and I respect that as an option of the court. However, in this particular case, the fact scenario is so identical to what was well addressed and pled and argued and briefed and ruled upon already by the federal district court on an identical factual scenario that the law is clear and the statutory language, Your Honor, at issue relative to the appointment power is absolutely clear as well. It says that the magistrate appointment shall be approved by the county board of commissioners before they assume the position of magistrate and start exercising that power and authority. Statutory. Go ahead, Your Honor. Did Nearing raise a state constitutional issue? I'm sorry, say that again, please, Judge. Did Nearing include a state in Michigan constitutional issue the way I mean, because you've raised one year that this comes a foul of Michigan separation of powers requirements. Did Nearing include that? Your Honor, I did not make a separation of powers argument opposing counsel did in their brief arguing. Yes. But no, I don't believe that was addressed in Nearing. I'm not certain, but I don't believe so. Your Honor. The facts in this case, the warrant for the blood draw was issued after the council appropriated money for this particular magistrate, right? For all the magistrates, including this particular one. Yes, there was appropriated funding for the position, but there was not a county board of commission approval resolution approving a specific appointment of a specific magistrate. Well, isn't it common sense that if a government appropriates money for something that they are approving of the measure that the money is being appropriated for? Your Honor, I'm glad you asked that question because the apparent most obvious analogy that we can draw is if United States Congress appropriates funding for a new federal district court seat. And a president nominates somebody for that seat. The mere fact that the Congress appropriated funding does not constitute an approval of that specific appointment. That appointment must be specifically approved by the Senate. And here the Michigan statutory provision of law relative to the appointment of magistrates mirrors essentially what is required under federal constitutional law for appointment of federal judges. That is that the mere appropriation of funding is not sufficient. There must be approval of the county board of commissioners of the specific appointment, each and every individual appointment. And here we have six individuals that were not properly appointed. Where is the. If we you're claiming that this is a violation of the Fourth Amendment or. It's a violent it depends on what action that the judicial magistrates purportedly took under color and authority of state law. In the case of Mr. Radke individually, yes. The issuance of a search warrant to withdraw and extract blood from his body and conduct a forensic examination by a lay person who's acting under color and authority of state law when they were not properly appointed as a magistrate is a violation of Fourth Amendment. Yes, it doesn't. The Fourth Amendment requires a finding of probable cause by a neutral and detached magistrate right. Correct. So, if in fact, there was a neutral and detached fact finder who found probable cause and there was probable cause. How was the Fourth Amendment violated because the individual was not a appropriately appointed magistrate. In fact, your honor, there's another case that came out of your Sixth Circuit Court. I don't know if you run a case or not, your honor, so I shouldn't say your but the Sixth Circuit Court of Appeals on a Michigan case in which a retired judge. Who was at one time an appropriate judicial officer, a retired judge signed a warrant, and they said that retired judge didn't even have the authority to do it because he was not properly appointed did not have judicial authority to issue warrants at that time. Clearly a lay person, you got to remember, judge if I may emphasize that many of these magistrates are not even attorneys magistrates in the state of Michigan may be appointed without even being an attorney. What is the relief you're asking us to give. Now I'm not looking at your, you're wanting to have a class action but as to the individual plaintiff here what is the relief you're seeking compensation for violation of his Fourth Amendment right has nothing to do with the conviction or incarceration. It was simply be the, the, I'm sorry, how would we measure the harm. Well, ultimately, a finder of fact would make that determination of the appropriate compensation for an individual to be subjected to the intrusive process of a needle being injected into his arm for the extraction of his blood and conduct a forensic analysis of the pathology of his blood. None of that has anything to do with magistrate The only thing you're complaining about is that that shouldn't have happened because the magistrate wasn't properly appointed to authorize it. That is correct. That's, that's, that's, that's the basis of the claim. Okay. Yes, the magistrate did not have the authority therefore is an unconstitutional act that my client and similarly situated members of the class have a right to receive compensation from a reasonable finder of fact, are you claiming that there was no probable cause for the for the test. I, I'm not claiming that and I don't believe it's relevant, quite frankly, Your Honor, because again we have a lay person who signed a purportedly signed a search warrant that subjected my client to this intrusive process. And all these similarly situated members of the class as well. Some of these individuals in the class, for instance, Your Honor, appeared for arraignment before these purported magistrates who set a bond that the individuals could not meet that were deprived of their liberty. Arguing that the authorities had gone to a properly designated magistrate that the same search warrant would have been issued. It could very well have been issued. I'm not making the argument that it would not have been just harmless error. Oh, Your Honor, I would suggest, no, no, when you're talking about a fourth amendment right to be free from unreasonable searches and seizures and a constitutional mandate that that be done by a detached magistrate magistrate not a common lay person. We're arguing against probable cause your argument would have some force. But here you've conceded that there is probable cause. So why isn't it just harmless error? I'm not conceding it's probable cause there is probable cause I'm to see I'm suggesting it is not relevant to the determination of whether it was a violation of my clients constitutional rights. I mean, judge, if I may extrapolate and go a little bit further to carry your point that you're maybe arguing or suggesting. Let's assume they had no warrant. But if they went to seek a warrant that would have been probable cause. Here's what I want to know. If the magistrate had been properly appointed properly approved. He still would have been a lay person. He still would have had all of the disqualifications that you're complaining about. You would say he just wasn't qualified to do it. That's what you seem to be complaining about, but he would have been properly authorized and then you wouldn't have any claim at all. And that's where I'm struggling to understand your argument. I'm sorry. I'm not understanding the question or the point the court is making place. Okay, you keep talking about this was just a lay person who did this. But if this very same person had actually been approved according to the what the statute requires and there's no evidence that he wouldn't have been they just didn't follow the proper procedures. You wouldn't have had any complaint at all about this what the magistrate did. First of all, what I'm using the term lay person, Your Honor. I'm using it in the context of a private citizen, as opposed to a judicially appointed magistrate properly appointed judicial magistrate. I'm not referring to the lay person. You were complaining that some of these people aren't lawyers and some of them don't know what they're doing. And that's something very different from a lay person, simply because he hasn't been properly appointed. I'm not suggesting that a non lawyer cannot serve as a judicially appointed magistrate. That's not what I'm suggesting at all. I just referenced that as one of the potential issues. It is ultimately up to the county board of commission commissioners to review and determine the propriety of the appointment of that particular individual, whether it be a lay person, an attorney, or, or a retired judge, for instance, returning as a magistrate. It still requires that the appointment authority to be, I'm sorry, the county board of commissioners to approve that specific appointment, just as the Senate must approve federal court appointments. Counsel, what did they have to do to what, what would constitute a proper approval? As, as was it, as was indicated in nearing the, the, the judge requests of the county board of commissioners, the approval of a specific appointment of an individual, a specific individual to the position of magistrate. And then the county board of commissioners approves that specific appointment of that individual, just as it is with a Senate approval of federal court appointments, your honor. Okay. And do you have any Michigan law that addresses any of this? I cited a case in the brief that I believe the most compelling were the federal court cases that I cited your honor. And off the top of my head, I don't have to be a specific Michigan site other than what might be contained in my brief. I'm not prepared to identify one at this moment, though. Okay. Let's move on. Counsel? Yes. Do I still have time? May I continue? No, no, no. You have long. Okay. Well, I don't know if you were addressing it or not. Thank you. Good afternoon, your honor. Marcy Stepanski on behalf of the appellees and cross appellants in this case. Just because this is an issue that seems to be most prevalent in the court's mind, I'd like to address the statute dealing with approval of magistrates. Our case is actually compliant with the case of US versus nearing that was issued by Judge Lawson applying Michigan law and dealing with the specific statute. The facts in that case were so different. And in that case, the judge appointed a deputy clerk to assume duties as a magistrate. The budget for the position was initially there for the magistrate position. But what happened in that case, distinct from our case, is because she was already employed by the court. She did not go to her position as magistrate or her assuming the duties as magistrate, never went back before the county for approval. In our case, it did. These were new appointments. They had never been employed by the court before. And not only were they budgeted as like a proposed budget appropriation, but then they subsequently went back before the county boards through line item approvals. I think that the problem is, and we provided all of that in our brief and also referenced the record where those line budgets are attached below. I think the problem in this case is some confusion between the approval required. And I think that plaintiffs would like to advocate that it requires like a board resolution. And there's no suggestion in the statute that that's required. And in fact, there are a number of expenditures that the county approves of by budgetary line item expenditures that they don't do actual formal resolutions on. The line item request, did that include the specific names of the various magistrates? Yes. And so really, there's no need to certify this to the Michigan Supreme Court because it's clear that the statute was complied with. And it's also clear that this case is on all fours with Neering. The factual situation is completely different. And the problem that existed in Neering does not exist in this case. Where would we find in the record that the line item budgeting approvals specified the individuals whose budgets were being approved, whose funding was approved? Your Honor, I believe they're at Exhibit 9 to our motion to dismiss, which I believe was Record Entry 6 in the lower court. And I think that the affidavit may have touched upon that too, the affidavit of the county commissioner, which I think is Exhibit 7 of our motion to dismiss. So Record Entry 6 and Exhibit 7 and 9. Why are we looking at evidentiary materials on a motion to dismiss? Well, you know, that's a good point, Your Honor. But that's something that was never disputed in the lower court. There was evidence provided by both sides, and there was never any kind of objection to that in the lower court. And I think it's sort of late now to consider something like that. I'm not seeing the names of any of these magistrates in Exhibit 9, and I don't think they were mentioned in the affidavit either. Maybe I'm missing something. Do you have the ID for us? Let me grab it. Sorry. Okay, so the line item budgets are attached at page ID 142 to 151. And the judge had issued an administrative order prior to that, assigning magistrate alone or Mr. Alone as a magistrate. And then subsequently, the County Board of Commissioners approved those line items for those positions. So there's a court order you're referring to that would have Mr. Alone's name in it? It's an administrative order, and I can give you that site as well. Oh, I have it here, I think.  That's Exhibit A. Okay. And also, I wanted to address Council's analogy between federal judges and state judges, and it's a completely different setup. Federal judges are appointed, state judges are elected. So there has to be that consideration when you're engaging in an executive branch appointing and the legislature having a say in that. This is a completely different issue here. It's pretty clear that judges in Michigan are allowed to appoint their own personnel to handle duties within the court. And we cited case law in our brief that supports that. And that's kind of getting into the separation of powers issue, but I just wanted to mention that. It's really not a proper analogy. And I do want to address the race judicata argument, and heck, if I have the time to do that. The federal court applies the Michigan law with respect to race judicata, and the elements are a final judgment between the same parties or their privies. And it precludes claims or defenses which could have been brought, but were not. In this case, and a key case in Michigan that lays out these principles very clearly is Adair v. Michigan, and it's cited in our brief. And there doesn't have to be a conviction that when you give your plea, you're admitting to a number of issues that address the warrant. It just has to culminate in a final judgment. And in terms of the claims that are precluded by race judicata, it's not only claims, it's also defenses, arguments, and matters that could have been brought, but were not. Adair addresses claims and mentions specifically the word matters in addressing what's precluded. The Sixth Circuit case of Bates v. Township of Van Buren, I want to give the court the cite, it's 459 F. 3rd, 731 at 737. It's a Sixth Circuit 2006 case, and that specifically addresses that it precludes not just claims and defenses, but arguments and theories that could have been raised in the prior action, but were not. And then lastly, Rondinko, I'm not saying that correctly, but it's R. O. N. D. I. G. O. v. Township of Richmond, Michigan, and that's 522 Fed Appendix 283 at 286. That's a 2013 Sixth Circuit decision, which precludes defenses which could have been raised in a prior state court matter, but were not. So it precludes raising them in a federal court matter if you could have raised them in the state court matter. Now, most certainly, plaintiff was aware of this issue about the magistrate when he was in state court. In fact, he had filed or prepared and filed a motion to suppress based upon the magistrate's authority to issue the search warrant. He just opted not to pursue it. So that's certainly a defense that not only could have been raised, but actually was raised here. He just opted not to address it or go forward with it because he decided to accept the plea arrangement instead. And he took the benefit of the bargain. These cases that you've cited for arguments, theories, matters, defenses, were any of those, it was a criminal case first and then later a civil case? So some of them, there was one that was an ordinance action, and I can't remember if it was a prosecution or if it was to enjoin an ordinance violation. It had to do with an establishment. It was a First Amendment case had to do with an establishment and a dancer. And then the prior state court matter and joining violation of a township ordinance. The establishment was the only party to it. And then subsequently, the employee dancer filed in state court seeking damages. And they said, no, there's the Sixth Circuit held. No, you're in privity with the prior plaintiff, prior party. You're in the state court matter. Your interests were substantially represented in that matter. And it precluded the federal claim. But there are a lot of cases from Michigan where they do apply this crossover. They call it crossover preclusion from state to federal cases. And it's applied even in the context of there's probable cause finding in a district court proceeding. As long as there wasn't some sort of like false information given by officers. It certainly does preclude the party from bringing federal state court matter arising from the same situation that gave that emanated from the state court prosecution. Is there anything in the record about this issue in the criminal case being brought to the attention of a prosecutor? I'm sorry, Your Honor, I couldn't hear you. Is there anything in the record of our case where Mr. Radke brought this to the attention of a prosecutor or his counsel about there not being a properly appointed magistrate? Well, they don't dispute that. They filed a motion to suppress based exactly on that. So the prosecutor, you know, would have been aware of it. And I'm sure that was, you know, that could have been part of why they offered him the plea that they offered him. I don't know. So does it make any difference with regard to the requirement that the issue itself have been fully and fairly litigated or had the opportunity for full and fair litigation? That the state was the one who said, hey, if you'll back off of this, we'll give you a better deal. Yeah, that's the whole point of res judicata is that as long as you had, as long as you had the ability to raise it, but you didn't, then you're precluded. You can't, you can't go ahead and accept this, the plea bargain here, get the benefit of your plea bargain, and then turn around and ask a federal court to review it or undo it. Or, I mean, that's, this sort of dovetails into the Heck versus Humphrey argument too, where essentially what they're doing is they're saying there was no basis to issue the warrant. So the warrant's invalid. And then what's the next step from that? That's invalidating the criminal convictions. He's at this point right now, he's on probation for five years from his 2018 sentencing. So it's not, it's not a leap of faith that, you know, it's that the next step would be if they were able to somehow undo the validity of the search warrant to try to collaterally attack the validity of his conviction. There was other evidence of guilt. This isn't the kind of situation where all you have is the gun and there's no other evidence and the case goes up or down with. Well, Your Honor, I disagree with that to some extent with all due respect, because really the only evidence that was in this case is he drove up, drove off the road was in the ditch and he failed some field sobriety tests. The main evidence in this case was the blood draw. And so that's why. I mean, surely you're not saying you can't get, you cannot get a conviction in a case without a blood draw. I'm not saying that you can, Your Honor, but in this case, that was the primary evidence that they were using to prosecute him. This is a person who's got a long history of drinking and driving, nine convictions, four suspended. I mean, you know, it's that's the primary evidence that they were relying on was the blood alcohol level. And that's why we feel that the Heck versus Humphrey barrier should also apply in this case. And then with respect to, I know there was some discussion on privity that I wanted to just raise an issue. Adair versus Michigan also does a really good job of discussing identity of interest between parties. And also specifying that Michigan has adopted not the substantial evidence test. I mean, that is part of it, but that's a much narrower test. What Michigan courts really rely on is a transactional approach. And that's a much broader net that covers a lot more claims. And I could just, if you'll indulge me for just a moment. I just want to quote from Adair what the transactional approach says. So by contrast, the transactional approach is more pragmatic. Under this approach, a claim is viewed in factual terms and considered coterminous with the transaction, regardless of the number of substantive theories or variant forms of relief flowing from these theories that may be available to the plaintiff and regardless of the variations in the evidence needed to support the theories or rights. So we're not really, I know that opposing counsel argued in the brief that there's different evidence that you would need in order to support the criminal case as opposed to the federal case now. But under the transactional approach that Michigan applies, which this court is required to apply, it would encompass the validity of the magistrate's warrant. So unless there's any questions, I think I'll rely on my brief with respect to the certification and Rooker-Feldman. And what is your position on whether this question should be certified to the Michigan Supreme Court? I think it's unnecessary, Your Honor. The statute doesn't require approval by board resolution. It just requires approval. And I think Judge Roberts had it right when she said that they allocated the money on the initial proposed budget. The judge then hired or appointed the magistrates. And then it went back before the County Board of Commissioners with line item budgets. And certainly, you know, that would, and this is not something that's just done in Monroe County. Nearing dealt with Iosco County. It was a different county. This is something that's done by a number of counties across the state. They don't require board resolutions for every single magistrate or court personnel that's hired. Thank you very much. Thank you, Your Honor. I'm sorry. Thank you. May I proceed? Yes. Thank you. As it relates to the argument that it doesn't require an actual resolution of the Monroe County Board of Commissioners. If it doesn't require a resolution, then what form of approval does satisfy the statutory mandate? Just as courts speak through their orders, legislative bodies speak through their resolutions, ordinances, and statutes. That's how a Board of Commissioners speak. Nowhere in any of these budgets of appropriation was any of these magistrates specifically named for approval of appointment. They were generally omnibus appropriation bills. There may have been a line item for positions of judicial magistrates, but no specific appointment was made of any of these magistrates at the time of their initial taking a position or in subsequent appropriation bills. There are no line item submissions that have any names of magistrates in them. After this was brought to the attention of the County Board of Commissioners and the court, they subsequently did go back and try to retroactively approve these appointments by resolution of the County Board of Commissioners, which itself seems to be a concession on their part that County Board of Commissioners resolution is necessary. So as a subsequent remedial measure, I'm sorry. I'm sorry. Are you saying, I think you're saying this, I just want to confirm that there is there. Before the time this warrant was issued, there were no budget submissions that included specific names. Correct. That's correct. And I'm running out of time. So if I can succinctly and quickly get in here. The most compelling argument on behalf of my client is Herring versus precise PROC 462 US Supreme Court 306. There, there was a criminally accused individual who pled guilty in a state court proceeding. He was sentenced. He subsequently brought a 1983 claim alleging a Fourth Amendment violation of a search and seizure, I'm sorry, a search of his home. In the case in Herring raised the question of whether or not the plea based state court criminal conviction precludes him from advancing a 1983 claim for violation of his Fourth Amendment right to be free from unreasonable search and seizure. The Herring court ruled unequivocally and clearly that the mere fact that there was a state court conviction of the individual on the underlying criminal charges not preclude him from bringing a Fourth Amendment claim under Section 1983. And that is the most compelling argument that I can make your honor. Thank you. Thank you both. And the case will will be submitted.